Willard A. Stanback, Esq.
Willard Alonzo Stanback, PC
36 West Lafayette Street, Suite 103
Trenton, NJ 08608
(646)-734-4204
Email: willardalonzo@stanback-pc.com
Attorney For Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **RLP Ventures, LLC** <br><br>  Plaintiff, <br><br> v. <br><br> **Sonic Foundry, Inc.** <br><br>  Defendant. | **Honorable Judge Jed S. Rakoff** <br><br> **Case No.: 1:23-cv-10355-JSR** |

**[Proposed] ORDER ON CONSENT DEFAULT JUDGEMENT**

WHEREAS, on November 27, 2023, Plaintiff RLP Ventures LLC ("**Plaintiff**") filed the complaint in the above captioned matter (the "**Complaint**") against Defendant Sonic Foundry, Inc. ("**Defendant**") [Docket #1]; and

WHEREAS, on December 22, 2023, this Court ordered the scheduling for this case pursuant to a Civil Case Management Plan [Docket #14]; and

WHEREAS, on February 5, 2024, Defendant filed its answer to the Complaint, with counterclaims [Docket # 22]; and

WHEREAS, on February 26, 2024, Plaintiff filed its answer the counterclaims [Docket #23]; and

WHEREAS, on April 5, 2024, this Court granted Defendant's counsel permission to file a motion to withdraw and authorized Plaintiff to file a response to such motion by April 12, 2024; and

WHEREAS, on April 8, 2024, Defendant's counsel filed a motion to withdraw [Docket #25]; and

WHEREAS, on April 12, 2024, Plaintiff filed its response to the motion to withdraw filed by Defendant's counsel [Docket #27]; and

WHEREAS, during a telephone conference before this Court on April 22, 2024, counsel for Defendants and counsel for the receiver, which now has control over Defendant, informed this Court that there were insufficient funds in the receivership to defend in this case and that Defendant was not opposed to the entry of a default judgment; and

WHEREAS, this Court directed Plaintiff to file a motion for a default judgement on consent of the parties no later than April 23, 2024; and

WHEREAS, Plaintiff has filed the motion for the default judgment on consent as directed, seeking a judgment on Plaintiff's favor on all claims pled against Defendant in the Complaint;

NOW, THEREFORE, for good cause shown and on consent of the parties in this case, it is hereby, ORDERED, ADJUDGED AND DECREES as follows:

1. Judgement is granted in favor of Plaintiff on all claims plead against Defendant;

2. Judgement against Defendant dismissing all of its counterclaims with prejudice;

3. Defendant's conduct is hereby deemed to be a violation of Plaintiff's rights under the Lanham Act (15 U.S.C. § 1051 et seq.), and the common law of New York and any other applicable state laws;

4. Defendant is enjoined and restrained from registering the mark "MEDIASITE MOSAIC" with the United States Patent and Trademark Office;

5. Defendant, its officers, directors, agents, servants, employees, representatives, attorneys, related companies, successors, assigns, and all others in active concert or participation with them are immediately and permanently enjoined and restrained from:

    a. using the name "MEDIASITE MOSAIC" or any derivative in connection with any services and websites similar to that of Plaintiff;

    b. using the URL *https://mediasite.com/mosaic/* or any derivative that may encompass the "MEDIASITE MOSAIC" mark and would be confusingly similar to Plaintiff's "MOSAEC" trademark;

    c. engaging in any other acts or things calculated or likely to cause confusion or mistake in the mind of the public or to lead consumers into the belief that products or services offered or distributed by Defendant are authorized, sponsored, licensed, endorsed, promoted, or condoned by Plaintiff, or are otherwise affiliated with or connected to Plaintiff;

    d. otherwise competing unfairly with Plaintiff in any manner;

    e. aiding any other party in engaging in any acts prohibited by this paragraph; and

    f.  continuing to perform in any manner whatsoever any of the other acts complained of in this Complaint;

    6.  Defendant, pursuant to 15 U.S.C. §1116, serve on Plaintiff within thirty (30) days after the date this Order, a report in writing under oath setting forth in detail the manner and form in which Defendant has complied with the injunction(s);

    7.  Defendant disgorge and account to Plaintiff all of Defendant's profits and any damages sustained by Plaintiff arising from Defendant's acts of willful trademark infringement and unfair competition, which are presumed willful under 15 U.S.C. §1117(e) for the purposes of Defendant's Lanham Act violations, and that Plaintiff is hereby awarded the greater of (i) three times Defendant's profits, or (ii) three times any damages sustained by Plaintiff, under 15 U.S.C. §1117, plus prejudgment interest;

    8.  [struck through by the Court] Defendant pay Plaintiff enhanced damages for their oppression, malice, and gross negligence, whether grounded on proof of actual damages incurred by Plaintiff or on proof of Defendant's unjust enrichment which are presumed willful under 15 U.S.C. §1117(e) for the purposes of Defendant's Lanham Act violations (with such damages to be the subject to a separate hearing in this Court);

    9.  [struck through by the Court] Defendant pay Plaintiff's costs and disbursement incurred in connection with this action, as well as in connection with the proceeding in the USPTO in connection with the previous opposition proceeding, including all costs, attorneys' fees and expenses, on the ground that this is an exceptional case under 15 U.S.C. §1117 (with such costs and disbursements to be the subject to a separate hearing in this Court);

10. Defendant may, upon proper showing and with at least three (3) business days prior written notice to the Court and Plaintiff's counsel, appear and move for modification of specific provisions of this Order (i.e., the provisions 6, and 7 ~~and 8~~ above);

11. Any failure by Defendant to comply with the terms of this Order shall be deemed contempt of Court, subjecting Defendant to contempt remedies to be determined by the Court, including, if and as warranted, fines and seizure of property; and

12. This Court shall retain jurisdiction over this matter and the parties in order to construe and enforce this Order.

**SO ORDERED.**

SIGNED this 25th day of April, 2024 at 11:10 a.m.

_____
HONORABLE JUDGE JED S. RAKOFF
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF NEW YORK